Dear Ms. Rutledge:
This office is in receipt of your opinion request of recent date wherein you asked whether there is a conflict with Act 1145 of the 2003 Regular Legislative Session with Article 4, Section 5 of the 1974 Louisiana Constitution.
Act 1145 of the 2003 Regular Legislative Session states in relevant part:
 A. Notwithstanding any provision of law to the contrary, the governor shall not grant any pardon to any person unless that person has paid all of the court costs, which were imposed in connection with the conviction of the crime for which the pardon is to be issued.
1974 Louisiana Constitution Art. 4 § 5(E)(1) states in pertinent part:
 "[A] first offender convicted of a nonviolent crime [as defined therein] never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor."
 The 1974 Louisiana Constitution Art. 4 § 5(E)(1) creates a substantive constitutional right granting a first offender pardon automatically to any person convicted of a nonviolent crime upon completion of his sentence. There is no constitutional requirement that court costs be paid as a prerequisite. This constitutional right to a first offender pardon is automatic and shall not be impinged upon or conditioned by any act of the legislature or revised statute.
Therefore, any conflict between Act 1145 and the substantive provisions in the 1974 Louisiana Constitution Art. 4 § 5(E)(1) on automatic first offender pardons shall be resolved in favor of the 1974 Louisiana Constitution Art. 4 § 5(E)(1).
If there are any further questions on this matter, please do not hesitate to call.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
BY: ________________________________
 STEPHEN C. MARTIN ASSISTANT ATTORNEY GENERAL
SCM/sh/jy